Michael J. Terhar [State Bar No. 89491]
Jonathan E. Hembree [State Bar No. 274051]
Carl J. Basile [State Bar No. 251267]
CUNNINGHAM SWAIM, LLP
2 North Lake Avenue, Suite 550
Pasadena, California 91101
Telephone: (626) 765-3000
Facsimile: (626) 765-3030
Email: mterhar@cunninghamswaim.com
Email: jhembree@cunninghamswaim.com
Email: cbasile@cunninghamswaim.com

Attorneys for Defendant,
WERNER CO. (erroneously sued and served as "WERNER Corporation")

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY KELLY,<br><br>     Plaintiff,<br><br>vs.<br><br>WERNER Corporation, and DOES 1 through 10, inclusive,<br><br>     Defendants | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant, WERNER CO. (erroneously sued and served as "WERNER Corporation"), hereby respectfully gives notice of its removal of the above-captioned action to this Court, upon the following bases:

1.  On August 12, 2022, Plaintiff TIMOTHY KELLY filed his complaint (the "Complaint") in that certain lawsuit styled *TIMOTHY KELLY VS. WERNER CORPORATION, et al.,* County of Orange Superior Court case number 30-2022-01275081-CU-PO-CJC (the "Underlying Action"), against defendant WERNER CO. (erroneously sued and served as "WERNER Corporation") and fictitiously named defendants Does 1 through 10.

2.  Plaintiff caused to be served upon removing Defendant Werner Co. a copy of a summons (the "Summons") and the Complaint via process server on

1  January 18, 2023.  This service was removing Defendant's first receipt of an initial
2  pleading in the Underlying Action showing a basis for removal.  Fewer than thirty
3  days have since elapsed.

4      3.     Plaintiff alleges in his Complaint that Plaintiff is entitled to recover
5  damages from Defendants for injuries arising from a ladder accident that allegedly
6  occurred on August 12, 2020 in Woodland, California.  Plaintiff alleges that
7  Defendants manufactured and sold the ladder.  Plaintiff does not explain why Orange
8  County is an appropriate venue.

9      4.     Plaintiff's Complaint asserts two causes of action against all Defendants
10  for general negligence and products liability.

11      5.     Plaintiff prays in the Complaint for recovery of compensatory damages,
12  including wage loss, loss of use of property, hospital and medical expenses, general
13  damage, property damage, loss of earning capacity and unspecified "other" damages.
14  Plaintiff's Counsel also served a Statement of Damages seeking $1,000,000.00 in
15  general damages; and $1,000,000.00 in special damages for a total of $2,000,000.00.
16  These claims exceed the minimum jurisdictional requirements.

17      6.     Removing Defendant Werner Co. was and is a corporation duly
18  organized and existing by virtue of the laws of the State of Delaware with its
19  principal place of business in the State of Illinois.

20      7.     Plaintiff Timothy Kelly was and is an individual residing in California.

21      8.     The Underlying Action is a civil action in which this Court has original
22  jurisdiction under the provisions of 28 U.S.C. § 1332, and is one which may be
23  removed to this Court by Defendants pursuant to 28 U.S.C. §§ 1441 and 1446 based
24  upon this Court's diversity jurisdiction, for the following reasons:

25      (a)    Each plaintiff is a citizen of a different state than each defendant
26  because (1) Plaintiff Timothy Wells was and is a citizen of the State of California;
27  and (2) Removing Defendant Werner Co. is a Delaware corporation with its principal
28  place of business in Illinois

(b) Plaintiff alleges a civil action against removing Defendant Werner Co.;

(c) The matter in controversy is asserted by Plaintiff to exceed the sum or value of $75,000, since Plaintiff claims recovery of compensatory damages, including wage loss, loss of use of property, hospital and medical expenses, general damages, property damage, loss of earning capacity, and "other" unspecified damages. Plaintiff filed a Statement of Damages seeking $1,000,000.00 in general damages; and $1,000,000.00 in special damages for a total of $2,000,000.00. These allegations were found by Defendant's Counsel to exceed $75,000; and

(d) Thirty days have not yet passed since removing Defendant was served with the summons and Complaint in the Underlying Action.

9. Attached to this notice are true and correct copies of the following documents, which comprise all the documents from the state court docket that were received by Counsel for Removing Defendant in the Underlying Action:

Exhibit A: The 8/12/2022 Complaint and Summons; the 8/16/22 Notice of Hearing Case Management Conference and the Statement of Damages.

Dated: February 17, 2023         CUNNINGHAM SWAIM, LLP

By: /s/ Michael Terhar
Michael J. Terhar
Jonathan E. Hembree
Carl J. Basile
Attorneys for Defendant,
WERNER CO. (erroneously sued and served as "WERNER Corporation")

## **DEMAND FOR JURY TRIAL**

Defendant WERNER CO. (erroneously sued and served as "WERNER Corporation") hereby demands a trial by jury.

Dated: February 17, 2023                    CUNNINGHAM SWAIM, LLP


By: */s/ Michael Terhar*
Michael J. Terhar
Jonathan E. Hembree
Carl J. Basile
Attorneys for Defendant,
WERNER CO. (erroneously sued
and served as "WERNER
Corporation")